IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL JOHNSON, Plaintiff, | ) | 8:12CV372 |
| v. | ) | **MEMORANDUM AND ORDER ON INITIAL REVIEW** |
| MILLARD PUBLIC SCHOOL, Defendant. | ) | |

The plaintiff, Michael Johnson ("Johnson"), filed his Complaint in this matter on October 22, 2012, (filing No. 1.) and has been given leave to proceed in forma pauperis. (Filing No. 5.) An initial review of the Johnson's claims has been conducted to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Liberally construed, Johnson's complaint against Millard Public School ("Millard") is brought under Title VII of the Civil Rights Act of 1964 for alleged race discrimination, as well as retaliation. Johnson also alleges he was subjected to a hostile work environment.

Johnson alleges that from 2007 until the present time, his coworkers at Millard have subjected him to "racial harassment." They have written racist statements on his locker, spit on his work shirts, vandalized his vehicle, and subjected him to racial slurs and jokes about his race. Johnson does not identify his race in the body of his complaint, but in the charge of discrimination he filed with the Equal Employment Opportunity Commission ("EEOC"), attached to his complaint, he identifies himself as "black." (Filing No. 1 at CM/ECF p. 7.) Johnson does not set forth what relief he seeks or whether he has exhausted his administrative remedies.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

I am required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). I must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failure to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also* *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See* *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

A plaintiff in a Title VII action has 90 days from receipt of the right to sue letter to file a civil action. 42 U.S.C. § 2000e-5(f). A claimant's failure to file suit within this period bars his or her right to pursue the claim, absent equitable tolling or exceptional circumstances. *See* *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393-96 (1982).

Here, Johnson did not file a copy of his EEOC right-to-sue notice. Thus, I cannot determine whether Johnson's claim is timely. However, on the court's own motion, Johnson shall have 30 days from the date of this order in which to file a copy of his right-to-sue notice with the court. If Johnson did not file suit within 90 days of

receipt of his right-to-sue notice, he must also show cause why this case should not be dismissed for failure to do so.

IT IS THEREFORE ORDERED that:

1. Johnson shall have 30 days from the date of this order to file a copy of his NEOC right-to-sue notice with the court. If Johnson *did* file suit within 90 days of his receipt of the right-to-sue notice, he need only file a copy of the notice in order to comply with this memorandum and order. However, if Johnson *did not* file suit within 90 days of his receipt of the right-to-sue notice, Johnson must also show that equitable or exceptional circumstances exist that warrant tolling of the 90-day period.

2. This matter will be dismissed without further notice if the plaintiff, Michael Johnson, fails to comply with this memorandum and order.

3. The clerk's office is directed to set a pro se case management deadline in this case using the following text: February 11, 2013: Check for filing of NEOC notice and showing of cause (if applicable).

4. I reserve the right to conduct further review of Johnson's claims pursuant to 28 U.S.C. § 1915(e)(2) after Johnson addresses the matter set forth in this memorandum and order.

Dated January 14, 2013.

BY THE COURT

Warren K. Urbom
United States Senior District Judge